[Civ. No. 11345. Second Appellate District, Division Two.—May 12, 1937.]

FRED HOFFMAN et al., Appellants, v. CITIZENS STATE BANK OF LONG BEACH, CALIFORNIA (a Corporation), Respondent.

Adolph B. Rosenfield and Hanna & Morton for Appellants.

Frank M. Linnell for Respondent.

WOOD, J.—Plaintiffs recovered judgment against defendant bank in the sum of $2,863.08, together with interest thereon. They appeal from this judgment, contending that it should have been in a larger amount. An appeal is also taken from an order denying their motion to vacate the judgment.

Plaintiff Fred Hoffman and others were the owners of certain real property in the city of Long Beach and as such owners entered into a lease on March 20, 1923, with O. Jensen and others whereby it was provided that a building should be erected on the property, the doors for which were to be furnished and installed by the lessees. Thereafter plaintiff Fred Hoffman became the owner of the premises by virtue of a sale in partition proceedings and a lease thereof was made by him with defendant bank, which by its terms was to expire March 31, 1933. The lease provided that the lessee might remove all personal property and fixtures placed by the lessee upon the premises and in so doing leave the premises in first-class condition. The action was commenced to recover the amount of rental claimed to be unpaid according to the contract and the amount of damages claimed to have been sustained by reason of the removal of two vault doors and the failure of defendant to leave the premises in proper condition.

Plaintiffs complain of the action of the court in striking out the testimony of Fred Hoffman concerning the conversation he had had with O. Jensen concerning the ownership of a vault door. The contract was later reduced to writing and the conversations were merged in it. The ruling of the court was correct.

Plaintiffs criticize various rulings of the trial court, but they do not present to this court anything which shows that the rulings of the court were erroneous. Neither do they point out wherein they have been prejudiced by the rulings of the court. It is not the duty of a reviewing court to search through the record for the purpose of discovering wherein the action of the trial court in the respect complained of involved error prejudicial to the plaintiffs.

The judgment and order are affirmed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 2, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1937.